Geri N. Kahn, Cal. Bar #148536
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 397-5446
Fax (415) 392-8208
Email:  gkahn@pacbell.net

Attorney for Victoria Vainshtok

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Victoria Vainshtok** ) | **Civil No.  08-01381 WDB** |
| ) | |
| **Plaintiff,** ) | **PETITION FOR HEARING ON** |
| ) | **NATURALIZATION APPLICATION** |
| **vs.** ) | **PURSUANT TO 8 USC SECTION 1447(b)** |
| ) | |
| **Department of Homeland Security, Michael** ) | **USCIS Case No.: A23 362 183** |
| **Chertoff, Secretary; US Attorney General,** ) | |
| **Michael B. Mukasey; United States** ) | |
| **Citizenship and Immigration Services,** ) | |
| **Emilio T. Gonzalez, Director; United States** ) | |
| **Citizenship and Immigration Services,** ) | |
| **Alfonso Aguilar, Chief; United States** ) | |
| **Citizenship and Immigration Services,** ) | |
| **Rosemary Melville, District Director; and** ) | |
| **Robert Mueller, III, Director of Federal** ) | |
| **Bureau of Investigation** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff, by her attorney, complaining of Defendants, alleges as follows:

1.   Plaintiff is an individual and resident of the United States who resides in the jurisdiction
     of this Court.  Plaintiff's claim to naturalization arises under 8 United States Code
     (hereinafter "USC") Section 1421.

///

///

///

2.   Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (hereinafter "DHS").  Defendant Michael B. Mukasey is the Attorney General of the United States.  Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS").  Defendant Alfonso Aguilar is the Chief of the Office of Citizenship in USCIS.  Defendant Rosemary Melville is the District Director of the San Francisco USCIS district office.  Defendant Robert S. Mueller, III, is the Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of Homeland Security.  All Defendants are sued herein in their official capacities.  Defendants are responsible for the grant or denial of naturalization applications filed with the San Francisco district office of USCIS pursuant to 8 USC Sections 1421, 1427, 1446 and 8 Code of Federal Regulations (hereinafter "CFR") Sections 2.1, 103.1(b), 310.2, 316.3.

3.   The Court has jurisdiction of this action pursuant to 8 USC Sections 1447(b) and 2201.

4.   On or about November 14, 2005, Plaintiff filed her application for naturalization with USCIS.

5.   On or about March 23, 2006, Defendants and their designated agent examined Plaintiff on her application at the San Francisco district office of USCIS.

6.   At her examination on March 23, 2006, Defendants' agent told Plaintiff that she had passed her examination, but also asked for a copy of her divorce certificate from her prior marriage.  She was told that her case could not be approved at that time because the required background check had not yet been completed.

7.   Plaintiff checked on the status of her case by calling USCIS.  In a response dated July 27, 2007, CIS indicated that her case was delayed due to the background check.  She has not heard anything from USCIS since that time.

8. Plaintiff understands the necessity of a background check but she was examined more than one year and 11 months ago and Defendants have made no decision on her application. Defendants have been unable to provide any estimate as to when they will adjudicate her application and they allege that they cannot adjudicate it until the background check has been completed. Plaintiff's naturalization case has been pending since November 2005. It is Plaintiff's position that two years and 3 months is more than a reasonable amount of time in which to conduct a background check in her case.

9. Plaintiff was arrested for larceny in March 1999. She was given diversion and the charges were dismissed. She was not required to make a plea and thus there is no conviction for immigration purposes. Plaintiff disclosed her arrest and provided applicable copies of court documents with her naturalization application. USCIS has not requested any additional documentation pertaining to Plaintiff's arrest. There is no reason that Plaintiff can discern as to why her case has been unduly delayed.

10. Plaintiff has been severely prejudiced by the lack of adjudication in her case. Plaintiff would like the right to vote in the next election and would like the ease of travel available with a U.S. Passport. She would also appreciate a final decision in her case.

11. The Defendants' failure to make a determination of Plaintiff's application within 120 days after her examination allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC Section 1447(b).

12. Plaintiff desires a judicial determination of her naturalization application and a declaration that she is entitled to be naturalized as a citizen of the United States.

///

///

///

///

WHEREFORE, Plaintiff prays that:

1.  The Court will hear Plaintiff's case and render a declaratory judgment that she is entitled to be naturalized;

2.  The Court award Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

3.  The Court grants such further relief as may be just, lawful and equitable to the premises.

Dated this 8th day of March, 2008

/s/ Geri N. Kahn

Geri N. Kahn
400 Montgomery Street,
Suite 810
San Francisco, CA 94104

1

**CERTIFICATION OF INTERESTED ENTITES OR PERSONS**

2

3        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

4   named parties, there is no such interest to report.

5

6

7   Dated: March 8,  2008                     Respectfully submitted,

8                                             /s/ Geri N. Kahn

9                                             _____

10                                            Geri N. Kahn
                                              Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25